UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY E. PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:23-cv-00550-JAR |
| KIM GARDNER, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Johnny E. Phillips to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $25.70. Furthermore, on initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an account ledger from the Ste. Genevieve County Jail for the time period January 19, 2023 through May 9, 2023. Having reviewed this information, the Court determines his average monthly deposit is $128.50. The Court will charge plaintiff an initial partial filing fee of $25.70, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Amended Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against defendants Kim Gardner, the former St Louis Circuit Attorney, and the St. Louis Post-Dispatch. Plaintiff alleges defendants violated his constitutional rights when Gardner "tipped off" the St. Louis Post-Dispatch, and the paper ran false information concerning him. He sues both defendants in their official capacities only.

Plaintiff states that on February 1, 2023, the St. Louis Post-Dispatch falsely printed that plaintiff "killed someone that [he] do[esn't] know and have never seen." Plaintiff states that the paper also disclosed which jail plaintiff was being housed in. He states that on February 12, 2023 he was "jumped on by inmates for said incident."

On May 23, 2023, another inmate, Richard Trice, was paid by someone outside of the jail to assault plaintiff. Plaintiff seems to assert that the false information printed in the Post-Dispatch precipitated this attack. Trice attacked plaintiff with a computer tablet and slammed him to the ground. Then Trice beat him in the head and face. Plaintiff suffered a swollen and black left eye, a bloody nose, and swollen knots to his head. Plaintiff is currently in protective custody because of this assault.

Plaintiff also states that his family members' lives have been placed in danger. His daughter and granddaughter had to move because rumors were that "they were going to come to her home and kill her and my granddaughter because of what had been put in the papers."

Plaintiff accuses the lead prosecutor Kim Gardner of giving the St. Louis Post-Dispatch the information as to where plaintiff was being held. He states: "The Lead Prosecutor gave them the tips to put out[.] [I]t not public record w[here] a federal inmate is being held."

For relief, plaintiff seeks $1 million to compensate him for the threats to his life and another $1 million to compensate him for the assault. He also asks for his daughter and granddaughter to be paid $1 million each for endangering their lives.

## Discussion

Plaintiff's 42 U.S.C. § 1983 action will be dismissed on initial review for failure to state a claim on which relief may be granted. To state a claim for relief under § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Section 1983 does not secure constitutional rights from infringement by private parties. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993).

The St. Louis Post-Dispatch is a privately owned newspaper. Its publication is not authorized by the state and it cannot be characterized as a state actor. *See e.g., Lightfeather v. Beatrice Sun Times*, 2021 WL 2002528, *2 (D. Neb. May 19, 2021) (finding local newspaper not a state actor and not acting in concert with a state actor). Because the Post-Dispatch is not a state actor, § 1983 liability can only attach if plaintiff can show it acted in concert with a state actor. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

In determining whether there is state action in a case, the court examines the record to ascertain "whether the conduct at issue is fairly attributable to the state." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). In making this inquiry, the court is guided by "two additional queries: whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority and whether the party engaging in the deprivation may be appropriately characterized as a state actor." *Id.* However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). To state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a

meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Plaintiff alleges defendant Gardner tipped off the Post-Dispatch, which might suggest state action, but plaintiff does not support this allegation with any facts. He states only "Post news media put this crime out to the public. The Lead Prosecut[or] gave them the tips to put out[.] [I]t [is] not public record [where a federal inmate is being held]." Plaintiff's speculation that the Post-Dispatch acted in concert with the prosecutor's office lacks any factual basis and does not raise his right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. The information printed by the Post-Dispatch could have come from any number of sources, including the public, witnesses, or other inmates. Moreover, plaintiff has not alleged any mutual understanding or meeting of the minds between the Post-Dispatch and Gardner. Because the Post-Dispatch is not a state actor and plaintiff has not plausibly alleged that it acted in concert with the state, the Court will dismiss plaintiff's claims against the newspaper.

As to defendant's claims directly against Gardner, while she would be considered a state actor, it is unclear what constitutional right plaintiff alleges she violated. Plaintiff states that she gave information to the paper that was incorrect thereby threatening his safety and that of his family. To the extent plaintiff alleges Gardner committed slander, defamation, or libel, he cannot base his § 1983 claim on these theories. *See Paul v. Davis*, 424 U.S. 693, 711-712 (1976) (determining that regardless of seriousness of "defamatory publications," the harm to plaintiff's reputation "did not deprive him of any liberty or property interests protected by the Due Process Clause"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United

States"); and *Smith v. Iverson*, 2019 WL 4417548, at *11 (D. Neb. 2019) (stating that "[a] § 1983 action cannot be predicated upon the theory of slander, defamation, or libel").

Finally, plaintiff has sued Gardner in her official capacity only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on his official capacity claims against Gardner, plaintiff must establish the City of St. Louis's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff makes no allegations of any constitutional violations against the City of St. Louis, and therefore any official capacity claim against Gardner must be dismissed.

Because plaintiff has not plausibly alleged the St. Louis Post-Dispatch acted in concert with the state to print incorrect information, and because he has alleged no constitutional violation against former St. Louis Circuit Attorney Kim Gardner or the City of St. Louis, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $25.70 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany Memorandum and Order.

Dated this 3rd day of August, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE